No. 96-242

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997

IN RE THE MARRIAGE OF

JANE O. BICKLER,

      Petitioner and Respondent,

and

BILLY JOHN BICKLER,

      Respondent and Appellant.

FILED

AUG 01 1997

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Russell C. Fagg, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        W. Corbin Howard, Attorney at Law, Billings, Montana

    For Respondent:

        Vernon E. Woodward; Hendrickson, Everson, Noenning &
Woodward, Billings, Montana

Submitted on Briefs: June 5, 1997

Decided: August 1, 1997

Filed:

_____
Clerk

MEMORANDUM

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to State Reporter Publishing Company and West Publishing Company.

Billy John Bickler (Bill) appeals from the judgment and decree of dissolution entered by the Thirteenth Judicial District Court, Yellowstone County, on its findings of fact and conclusions of law. Specifically, Bill disagrees with the court's decision to place two of his three children in the primary residential custody of their mother, Jane O. Bickler (Jane). We affirm.

Bill and Jane were married in 1980 and their marriage was dissolved in January of 1996. After extensive findings, including a finding that both parents had done a good job caring for the children during the separation, the District Court expressly found as follows:

> 18. The Court has considered all of the factors set forth in Section 40-4-212, and relies heavily upon the recommendations of Dr. Gumper and of Jeane Atcheson who both have worked extensively with this family. Furthermore, the Court notes that Section 40-4-212(3)(a), MCA, provides a rebuttable presumption that primary custody should be granted to the parent who has provided most of the primary [sic] during the child's life. That person is [Jane]. Accordingly, the Court finds that the best interests of the children in this case will be served by awarding custody jointly to each parent. The joint custody plan shall be such that the present primary residential placement for the oldest child, Cassandra, shall be with [Bill], subject to the right of reasonable visitation by [Jane].

19. The Court further finds that the best interests of the two children, Cara and Caylee, would be served by awarding their custody to each parent jointly, with the primary residential custodian [sic] to [Jane].

Thus, the court awarded primary residential custody of the 12-year-old daughter to Bill and primary residential custody of the two younger girls, aged 11 and 9, to Jane.

The gist of Bill's appeal is that the District Court should not have separated the three children and that, while Jane was the girls' primary physical caregiver prior to the parties' separation, the court gave too much weight to the statutory primary parent presumption when the record established that the children were deeply emotionally attached to both parents. Bill does not contend that the District Court's findings are not supported by substantial evidence of record; rather, he asserts only that this Court should be left with a definite and firm conviction that a mistake has been committed in placing the primary residential custody of the two younger daughters with Jane.

Our standard of review in a child custody case is whether the district court's findings of fact are clearly erroneous. In re Marriage of Dreesbach (1994), 265 Mont. 216, 220, 875 P.2d 1018, 1021 (citation omitted). The court's decision will be upheld unless a clear abuse of discretion is shown. Marriage of Dreesbach, 875 P.2d at 1021 (citation omitted). Based on our review of the record, we conclude that the District Court's findings of fact are supported by substantial credible evidence and are not otherwise clearly erroneous. We further conclude that the District Court, having properly considered the factors set forth in

3

§ 40-4-212, MCA, did not abuse its discretion in awarding primary residential custody of Cara and Caylee to Jane.

Affirmed.

_____
Chief Justice

_____

_____

_____

_____
Justices

August 1, 1997

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

W. CORBIN HOWARD
ATTORNEY AT LAW
P O  BOX 7177
BILLINGS MT  59103-7177

VERN WOODWARD & KELLY VARNES
HENDRICKSON, EVERSON, NOENNING & WOODWARD
324 HART ALBIN BLDG, 208 NORTH 28TH STREET
BILLINGS MT  59101

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy